```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CR-00403-AGF |
| ) | |
| BRIAN E. RICKERT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Brian E. Rickert's pro se motion to contest the garnishment issued in this matter and to request a hearing. Defendant seeks a release of 90% of all wages under the state law "head of family exemption" and further challenges the garnishment because he contends he was denied his constitutional right to a fair trial by his counsel. (Doc. No. 163). The government responded to Defendant's motion, asserting that both grounds asserted by Defendant fail as a matter of law, and that Defendant is not entitled to a hearing. (Doc. No. 164). Defendant has not filed a reply, and the time to do so has expired. For the following reasons, Defendant's objections to the garnishment will be denied without a hearing.

Background

On November 2, 2009, Defendant entered a plea of guilty to one count of bank fraud and one count of money laundering, related to a scheme and artifice to defraud various

financial institutions.[1]  Defendant was represented at the time by retained counsel.  In connection with his plea, Defendant acknowledged that he fraudulently obtained $1,328,814 from Enterprise Bank & Trust, and that he engaged in a monetary transaction involving $20,000 funded with proceeds of the bank fraud.  Defendant also consented to the forfeiture allegation contained in the indictment.  He further agreed to a loss amount of more than $400,000, but not more than $1,000,000, and agreed to provide full restitution to all victims of all charges in the indictment, specifically acknowledging that he might ultimately owe in excess of $1,000,000 in restitution.  (Doc. No. 44).

On April 12, 2010, Defendant was sentenced to a term of 27 months imprisonment, followed by five years on supervised release, and ordered to pay a total of $718,581.66 in restitution to Centrue Bank and Enterprise Bank and Trust.  The Judgment states that "[a]ll criminal monetary penalties are due in full immediately."  (Doc. No. 66).  In addition, the Judgment states in relevant part:

> If the Defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule:  During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant.  If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $200.00, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment.

*Id.* at 6.

---

[1] The criminal case was assigned to Judge Carol E. Jackson, who handled both the plea and sentencing.  On May 11, 2018, following Judge Jackson's retirement, the case was reassigned to the undersigned district judge.

The Court record reflects that Defendant made restitution payments in various amounts on a regular basis from January, 2011 through December, 2016. On December 22, 2016, Judge Jackson entered an Order permitting Defendant's term of supervision to expire as scheduled on June 19, 2017. The Order reflected that by that date Defendant had paid $20,636.66 in restitution, and owed a balance of $697,945.00. The Order further provided that "[t]he Financial Litigation Unit of the U.S. Attorney's office has been notified of the offender's restitution balance, and that they have twenty years from the date of sentencing to pursue collection of the remaining balance." Doc. No. 154.

Defendant still owes a significant amount of restitution and has failed to make consistent payments toward his criminal monetary penalties as required by the Judgment. Following the December 22, 2016 Order, the Court record reflects that Defendant made two payments of $300.00 each in February and March of 2017; one payment of $200.00, on May 19, 2017; and one payment of $424.78, on May 16, 2018, after which no further restitution payments have been received.

On October 10, 2023, the United States filed an Application for Writ of Continuing Garnishment in accordance with 28 U.S.C. § 3205(b)(1), directed to Defendant's employer, Johnson Storage & Moving Co. Holdings, Attn: Payroll/Garnishments, as Garnishee ("Johnson"). Doc. No. 159. The Application notes that the sum of $30,701.99 had been credited to the restitution judgment debt, leaving a balance due of $688,079.67 as of October 6, 2023, plus any costs remaining unpaid, and that demand for payment had been made upon the Defendant/debtor, who had failed to satisfy the debt. A Writ of Continuing Garnishment was issued on that same day, and was served on the Garnishee. (Doc. No.

160). Notice was provided to Defendant, which advised him of his right to file an objection contesting the garnishment and how to request a hearing. Instructions to Debtor were also provided, which recited the balance of $688,079.67 that remained and also advised Defendant of certain exemptions that might protect some of the property if Defendant could show that the exemptions apply. *Id.* A summary of the major exemptions that apply in most situations was attached as part of a Claim for Exemption Form – Major Exemptions Under Federal Law. *Id.* at 7. The exemptions include "wages, except as to the lesser of 25% of disposable earnings for any workweek, or amount by which week wages exceed 30 times the federal minimum wage." *Id.* The listed exemptions do not include a state law head of family exemption.

Johnson filed an Answer to Garnishment Interrogatories, signed under oath on October 18, 2023, noting that Defendant was employed by Johnson, and that for the pay period October 1, 2023 – October 15, 2023, earned gross pay of $1875.00, and was owed net wages of $1599.57. (Doc. No. 162).

On October 30, 2023, Defendant filed a timely objection to the garnishment and request for a hearing. Defendant attached a form Judgment Debtor's Claim for Exemption. (Doc. No. 163). Defendant did not use the form provided in the Court Notice. Rather, Defendant used a form from the Missouri State Court, on which he checked the exemption for wages by a head of family. The United States has opposed Defendant's objection, asserting that the head of family exemption does not apply in this federal proceeding to collect restitution and that Defendant cannot raise any objection to the underlying judgment based on alleged ineffective assistance of counsel in this proceeding. Having asserted no

applicable objection to the garnishment, the United States further asserts that the request for hearing should be denied.

### Discussion

As the United States correctly notes in its response, pursuant to the Mandatory Victims Restitution Act ("MVRA"), it "may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a) and (f). The statute permits a judgment to be enforced "against all property or rights to property of the person," subject only to ten limited exemptions specifically listed in the statute. Those ten exemptions match the first ten exemptions included on the Claim for Exemption Form that was attached to the Writ of Garnishment and served on Defendant. 18 U.S.C. § 3613(a)(1). Further, the MVRA specifically provides that property exemptions provided under state law do not apply with respect to actions to enforce a criminal fine or restitution. 18 U.S.C. § 3613(a)(2); *United States v. Cunningham*, 866 F. Supp. 2d 1050, 1056 (S.D. Iowa 2012) (holding that a federal statute generally permitting federal judgment debtors to apply state property law exemptions, "is not applicable when the Government enforces a judgment for a criminal fine or restitution"); *see also*, *United States v. Carpenter*, No. 3:14-cr-03083 MDH-2, 2015 WL 4757573, at *2 (W.D. Mo Aug. 12, 2015) (noting that state law inconsistent with the MVRA and FDCPA is preempted).

The MVRA does provide, however, that section 303 of the Consumer Credit Protection Act ("CCPA") applies to enforcement under Federal Law. 18 U.S.C. § 3613(a)(3). This provision of the CCPA limits the maximum garnishment of wages to 25%

of weekly earnings, pursuant to 15 U.S.C. § 1673. This limitation is consistent with the eleventh exemption noted on the Claim for Exemption Form that was attached to the Writ of Garnishment and served on Defendant.

Under the terms of these statutes, the United States may obtain 25% of Defendant's nonexempt wages to apply toward Defendant's outstanding restitution balance, consistent with the CCPA. But as discussed above, this amount is not subject to a head of family exemption under state law. Thus, the exemption claimed by Defendant has no application, as a matter of law, and Defendant has not asserted any other exemptions.

Defendant also seeks to challenge the government's request for restitution asserting he was denied his constitutional right to a fair trial by his counsel. But this objection also fails as a matter of law. The United States brings this action under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205, to recover the amount outstanding as restitution. Pursuant to the terms of the FDCPA, the United States may seek to garnish any property "in which the debtor has a substantial nonexempt interest" which is in the possession or control of another, "in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Further, the statute provides that if its requirements are met, "the court shall issue an appropriate writ of garnishment." 28 U.S.C. § 3205(c)(1). And "the writ shall state" that the garnishee "shall withhold and retain any property in which the debtor has a substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court." 28 U.S.C. § 3205(c)(2)(F).

The FDCPA provides that the judgment debtor may move to quash the writ, but the issues at any such hearing are specifically limited to (1) the probable validity of any claim

of exemption raised by the judgment debtor; (2) the Government's compliance with statutory requirements for the issuance of the postjudgment writ of garnishment; and (3) the validity of default judgments. 28 U.S.C.§ 3202(d); *United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016); *United States v. Smith*, 88 F. App'x. 981, at *1 (8th Cir. 2004). Further, the judgment debtor, in this case Defendant Rickert, bears the burden of showing an alleged exemption to the property applies. 28 U.S.C. § 3202(b); 8 U.S.C. § 3014(b)(2); *United States v. Smith*, Case No. 4:13 CR 143 CDP, Doc. No. 1197, at 6 (E.D. Mo. October 17, 2022). Although Defendant attempts to assert a claim of exemption as head of a family, as explained above, this exemption does not apply to a federal claim seeking restitution, and therefore fails as a matter of law.

In his second objection, Defendant seeks to challenge the restitution order itself, based on alleged ineffective assistance of counsel. But this does not fall within any of the three bases for a motion to quash permitted by the statute. Moreover, the caselaw is clear, that a Defendant/debtor may not challenge the validity of the restitution order in FDCPA proceedings.[2]  *Behrens*, 656 F. App'x at 790 (holding defendant could not challenge validity of restitution order based on claim the court lacked jurisdiction over the original indictment in FCDPA proceeding related to writ of garnishment); *Smith*, 88 F. App'x 981, at *1 (holding defendant may not challenge the validity of the fine imposed in a FDCPA

---

[2] If Defendant wished to challenge his judgment based on a claim that his attorney did not provide adequate assistance, he needed to assert that claim in a motion for post-conviction relief under 28 U.S.C. § 2255. However, any such claim must be asserted within one year of the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f). That time period expired more than a decade ago.

hearing); *United States v. Pugh*, 75 F. App'x. 546, 547 (8th Cir. 2003) (finding defendant could not challenge validity of the underlying conviction or restitution obligation at post-judgment garnishment proceeding).

The United States asserts that Defendant is not entitled to a hearing because the objections he asserts cannot be raised in this proceeding.[3] Here, the sole exemption asserted by Defendant has no validity in this federal proceeding to collect restitution. Neither of the other two grounds that could be raised at a hearing on a motion to quash under the FDCPA apply either. Defendant has not asserted any failure to comply with the statutory requirements for the issuance of a writ, and the matter does not involve a default judgment, but rather involves a judgment for an order of restitution. Nor does he dispute the amount owed. And as discussed above, Defendant is precluded from challenging the validity of the restitution order in this proceeding.

Because the only two objections Defendant raised fail as a matter of law, Defendant is not entitled to a hearing. *Behrens*, 656 F. App'x at 790 (affirming denial of hearing under FDCPA where each of the objections failed as a matter of law); *Smith*, 88 F. App'x 981, at *1 (same); *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) ("Although

---

[3] The United States also argues that Defendant is not entitled to a hearing because he did not file a motion to quash, pursuant to 28 U.S.C. § 3202(d). While this is true, the Notice of Garnishment advised that Defendant could file a "written objection to explain why you think these funds are exempt from execution under state or federal law and request a hearing." The Notice advised Defendant to state any reasons for believing the property is not subject to attachment. Doc. No. 160 at 3. The Instructions to Debtor further advised Defendant that he had a right to ask the court to return his property if he thinks he does not owe the money to the Government or that the property qualifies under applicable exemptions under the law. *Id.* at 5. Because Defendant is proceeding pro se, and the written objections complied with the instructions provided to him, the Court will not deny a hearing on this basis.

the Act states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. §3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation.") (citations omitted).

## Conclusion

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's objections to the Writ of Continuing Garnishment and his request for a hearing are **DENIED**.  (Doc. No. 163)

Dated this 5th day of December, 2023.

                                                    *Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE